UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD ANDRE CHRISTENSEN,<br><br>Petitioner,<br><br>v.<br><br>JUDGE IN THE STATE OF CALIF.,<br><br>Respondent. | No. 2:23-cv-2846 DJC SCR P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a county inmate proceeding pro se, has filed a petition for a writ of habeas corpus and a motion to proceed in forma pauperis.  Rule 4 of the Rules Governing § 2254 Cases requires the court to make a preliminary review of each petition for writ of habeas corpus.  Pro se habeas corpus petitions should be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  The court must dismiss a petition only "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4, Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam).

While the petition in the present case is difficult to decipher, it appears that petitioner is alleging the jail provided him with tainted meals in violation of his Eighth Amendment rights. Petitioner's allegations are not cognizable in a federal habeas case.  "[T]he essence of habeas

1

corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). "Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement. A civil rights action ... is the proper method of challenging 'conditions of ... confinement.'" Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser, 411 U.S. at 484, 498-99); see also Nelson v. Campbell, 541 U.S. 637, 643 (2004) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core [of habeas corpus] and may be brought pursuant to § 1983 in the first instance."); Muhammad v. Close, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action.") (citation omitted).

Petitioner does not challenge the legality or duration of his custody. Petitioner's "garden-variety Eighth Amendment claim … is a standard civil rights claim" that "neither goes to the fact of [Petitioner's] confinement nor would require immediate release if successful" and accordingly "is outside the core of habeas." Pinson v. Carvajal, 69 F.4th 1059, 1073 (9th Cir. 2023). The allegation that petitioner was given tainted meals should be raised, if at all, in a civil rights action.

The court may, in appropriate circumstances, convert a habeas petition to a civil rights action under 42 U.S.C. § 1983. Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016). However, the court is mindful of the admonition in Nettles that changes in the law ushered in by the Prisoner Litigation Reform Act ("PLRA") "may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his habeas corpus petition." Id. For instance, the filing fee for a habeas petition is $5, and if leave to proceed in forma pauperis is granted, the fee is forgiven. For civil rights cases, however, the fee is $402, and under the PLRA the inmate is required to pay $350, even if granted in forma pauperis status, by way of deductions from the inmate's trust account. See 28 U.S.C. § 1915(b)(1). Petitioner here might be willing to file a habeas petition for which there would be no filing fee, but might feel otherwise about a civil rights complaint for which the fee would be

deducted his trust account.  Rather than construe the petition as a civil rights action, this court will recommend dismissal without prejudice so that petitioner may assert claims under 42 U.S.C. § 1983 in a new case, if he chooses.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion to proceed in forma pauperis (ECF No. 11) is denied as moot;

Further, IT IS RECOMMENDED that this case be dismissed without prejudice to its renewal, if at all, as a civil rights action under 42 U.S.C. § 1983.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 9, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE